UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KATEY SALAZAR,

             Plaintiff,

-against-

THE CITY OF NEW YORK, OFFICER ADRIANO
DELEON (N.Y.P.D.) SHIELD# 02580, OFFICER JUAN
PEREZ (N.Y.P.D.) SHIELD# 01757, OFFICERS
JOHN DOE #1-10 (THE NAME JOHN DOE BEING
FICTITIOUS, AS THE TRUE NAME(S) IS/ARE
PRESENTLY UNKNOWN),

             Defendant.
----------------------------------------------------------------X

Index No.: 15-CV-01989

**FIRST AMENDED
COMPLAINT**

**JURY TRIAL
DEMANDED**

The Plaintiff, complaining by her attorney(s), THE LAW OFFICE OF JEFFREY CHABROWE, P.C., respectfully show this Court and alleges:

## INTRODUCTION

1. This is a civil rights action to vindicate the rights of Plaintiff Katey Salazar, who in March of 2012 had recently given birth to her first child, and was out enjoying St. Patrick's Day with friends, when her boyfriend (the father of her baby) was attacked and assaulted by an unknown reveler.

2. Nearby police intervened in the assault, but unfortunately, seemed to construe Ms. Salazar's boyfriend as the primary aggressor, responding to him with overwhelming physical force while the instigator of the conflict was allowed to go free.

3. As police forcibly subdued Ms. Salazar's boyfriend in the street, Ms. Salazar screamed in horror from the curb, begging police to leave her boyfriend alone, and attempting to

1

explain that he had simply been trying to defend himself from an unwarranted attack—but to no avail.

4. Instead, in direct response to Ms. Salazar's protestations, Defendant Perez turned and stared at her for a moment—then coldly and deliberately raised his arm and sprayed her in the face with a chemical agent.

5. As Ms. Salazar screamed and tried to wipe the burning agent from her eyes, approximately three to four officers tackled her, kneeing her in the back and throwing her to the ground before handcuffing her and charging her with misdemeanor assault and related charges.

6. To justify the Plaintiff's baseless arrest, Defendant Deleon alleged in the criminal complaint that Ms. Salazar had been fighting alongside her boyfriend, and that when police arrested him, she hit Deleon "in the back of the head with a closed fist."

7. DeLeon stated that he knew Salazar had hit him, despite not having seen her do it, because when he turned around, she was the "only person standing behind" him; however, DeLeon also acknowledged that the incident took place in a crowd where "approximately 60 people" had gathered.

8. Ms. Salazar, who had no prior criminal or arrest record, was forced to fight the frivolous case for nearly a year, before it was finally adjourned in contemplation of dismissal and dismissed.

9. Defendant Perez, DeLeon and Officer(s) Doe is/are now being sued for fabricating charges, falsely arresting, and utilizing excessive, malicious and unnecessary force against Ms. Salazar.

10. The City of New York is being sued for failing to properly train, supervise, and/or discipline New York City police officers, and for continuing to tolerate and defend a widely publicized departmental culture of willful indifference toward the rights of citizens.

## JURISDICTION

11. Jurisdiction is founded upon the existence of a Federal Question.

12. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. Sections 1983 and 1988, and arising under the law and statutes of the State of New York.

13. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under the color of law, statute, ordinance, regulation, custom and usage of rights, privileges and immunities secured to Plaintiffs by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

## VENUE

14. Venue lies in this District pursuant to 28 U.S.C.A. Section 1391(b) (2) since the events giving rise to the claim occurred in the Southern District.

## PARTIES

15. At all times relevant and hereinafter, Plaintiff Katey Salazar was a resident of Staten Island, New York.

16. Prior to the incident set forth in the instant complaint, Ms. Salazar, who was 26 years old on the date of the incident, had never been arrested and had no criminal record of any kind.

17. Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant all Defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

18. Upon information and belief, at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, its agents, servants, and employees, operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT, including all the police officers thereof.

19. Upon information and belief, at all times hereinafter mentioned, Defendant POLICE OFFICERS DELEON, PEREZ, and POLICE OFFICER(S) DOE #1-10 were employed by the Defendant, CITY OF NEW YORK, as members of its police department.

20. Upon information and belief, at all times hereinafter mentioned, all Defendant Police Officers, be they known or unknown, worked out of the 17th Precinct in Manhattan, in the City of New York.

21. The NEW YORK CITY POLICE DEPARTMENT is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of

New York and the POLICE CHIEF THE NEW YORK CITY POLICE DEPARTMENT is responsible for the policies, practices, and customs of the NEW YORK CITY POLICE DEPARTMENT as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees, and is the final decision maker for that agency.

22. This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, and the rights guaranteed by the Constitution and laws of the State of New York.

23. Individual Defendants in this action are being sued in both their individual and official capacities.

## STATEMENT OF FACTS

24. On March 17, 2012, at approximately 10:30PM, Plaintiff Katey Salazar, a new mother, was out with her boyfriend, Victor Arryo (the baby's father), and several friends, enjoying St. Patrick's Day revels in the vicinity of 52nd Street and Second Avenue in Manhattan, NY.

25. As the Plaintiff and her friends strolled along, Victor Arryo was suddenly attacked and assaulted by an unknown assailant, and Mr. Arryo defended himself while Ms. Salazar watched from distance.

26. Shortly thereafter, Defendant Officers DeLeon, Perez, and Doe(s) arrived and began to intervene.

27. For unknown reasons, the officers' intervention was disproportionately focused on forcibly subduing Mr. Arryo, his assailant was allowed to go free, and no efforts were made to apprehend the assailant.

28. As police forcibly subdued Ms. Salazar's boyfriend in the middle of the street, Ms. Salazar screamed from the curb in horror, begging police to leave her boyfriend alone, and attempting to explain that he had simply been trying to defend himself from a random attack—but to no avail.

29. Instead, in direct response to Ms. Salazar's protestations, Officer Perez, who was standing approximately 15 feet to the right of Ms. Salazar, turned and stared at her for a moment—then coldly and deliberately raised his arm and sprayed her in the face with a chemical agent.

30. As Ms. Salazar screamed and tried to wipe the burning agent from her eyes, approximately three to four officers tackled her, kneeing her in the back and throwing her to the ground before handcuffing her and charging her with Assault in the Third Degree, Resisting Arrest, Harassment, and Disorderly Conduct.

31. Notably, Ms. Salazar was never charged with a felony, despite allegations that she had assaulted DeLeon "causing substantial pain to the back of [his] head," giving rise to an inference that police and prosecutors sought to avoid the embarrassment of having the case scrutinized and thrown out by a Grand Jury.

32. Ms. Salazar, who had no prior criminal or arrest record, was forced to fight the frivolous case for nearly a year, before it was finally adjourned in contemplation of dismissal and dismissed.

33. Ms. Salazar continues to suffer the effects of the brutal and unjustified assault to this day.

### AS AND FOR THE FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS DELEON, PEREZ, AND DOE(S)

**Violation of Constitutional Rights Under Color of State Law**

—Excessive Force—

34. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 33.

35. Defendant Perez and Officers Doe used excessive force against the Plaintiff by spraying her in the face with a chemical agent absent any legal justification, and by proceeding to tackle her to the ground and assault her as aforedescribed.

36. Any force used against the Plaintiff was excessive because she had not committed a crime, she was nowhere near DeLeon when he was allegedly struck, and there was no probable cause to believe the Plaintiff had committed a crime.

37. Defendants' actions were motivated by bad faith and malice, and/or deliberate indifference to the rights of Ms. Salazar.

38. All Defendants are liable for said damage and injuries pursuant to the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

39. As a direct and proximate result of the unconstitutional acts described above, Plaintiff Katey Salazar was substantially injured.

### AS AND FOR THE SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF NEIL AGAINST DEFENDANTS DELEON, PEREZ, AND DOE(S)

**Violation of Constitutional Rights Under Color of State Law**

—False Arrest—

40. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 39.

41. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials, and prohibits law enforcement officers from arresting and detaining individuals in the absence of appropriate authorization. The Fourth Amendment also precludes police officers from conducting arrests in the absence of probable cause to believe that a crime has been committed.

42. The actions of Defendants detailed above violated Katey Salazar's rights under the United States Constitution. Given the total absence of any legal justification for Defendant officers' blatant manufacturing of evidence, it was not objectively reasonable for the Defendant officers to arrest Ms. Salazar for anything on March 17, 2012.

43. Defendants' actions were motivated by bad faith and malice, and/or deliberate indifference to the rights of Katey Salazar.

44. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

45. As a direct and proximate result of the unconstitutional acts described above, Plaintiff Katey Salazar has been substantially injured.

## AS AND FOR THE THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAINST DEFENDANTS DELEON, PEREZ, AND DOE(S)

**Violation of Constitutional Rights Under Color of State Law**

8

### -Violation of First Amendment Rights-

46. Plaintiff Incorporates by reference and realleges each and every allegation stated in paragraphs 1 through 45.

47. Defendants, acting in concert, arrested the Plaintiff.

48. Defendants deprived Plaintiff of her well-established rights to freedom of speech under the First Amendment to the United States Constitution, and to freedom from arrest without probable cause under the Fourth Amendment to the United States Constitution.

49. Defendants' actions were motivated by bad faith and malice, to retaliate for Ms. Salazar's protestations regarding officers' treatment of her boyfriend as aforedescribed, and/or deliberate indifference to the rights of Ms. Salazar.

50. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

51. As a direct and proximate result, the Plaintiff was substantially injured.

### AS AND FOR THE FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS DELEON, PEREZ, AND DOE(S)

**Violation of Constitutional Rights Under Color of State Law**

**-Malicious Abuse of Process-**

52. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 51.

53. Defendants issued legal process against the Plaintiff.

54. Defendants issued legal process against the Plaintiff to obtain a collateral objective outside the legitimate ends of the legal process—namely to retaliate for Plaintiff's protestations regarding their treatment of her boyfriend.

55. Defendants acted with intent to do harm to the Plaintiff, without excuse or justification.

56. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

57. As a direct and proximate result of the unconstitutional acts described above, Plaintiff Katey Salazar has been substantially injured.

### AS AND FOR THE FIFTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF AGAINST DEFENDANTS DELEON, PEREZ, AND DOE(S)

**Violation of Constitutional Rights Under Color of State Law**

**-Denial of Constitutional Right to Fair Trial Due to Fabrication of Evidence-**

58. Plaintiff's incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 57.

59. Defendants created false evidence against Plaintiff Katey Salazar.

60. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

61. Defendants misled the judge and the prosecutors by creating false evidence against Plaintiff Katey Salazar.

62. In creating false evidence against Plaintiff Katey Salazar, in forwarding false evidence and information to prosecutors, Defendants violated Plaintiff's constitutional right to a

fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

63. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

64. As a direct and proximate result of the unconstitutional acts described above, Plaintiff Katey Salazar has been irreparably injured.

### AS AND FOR THE SIXTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFFS AGAINST DEFENDANTS DELEON, PEREZ, AND DOE(S)

**Violation of Constitutional Rights Under Color of State Law**

**-Failure to Intervene-**

65. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 64.

66. The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures by government officials, and prohibits law enforcement officers from arresting and detaining individuals in the absence of appropriate authorization. The Fourth Amendment also precludes police officers from conducting arrests in the absence of probable cause to believe that a crime has been committed.

67. The actions of Defendants detailed above violated Ms. Salazar's rights under the United States Constitution. It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the clearly established constitutional rights of citizens from infringement by other law enforcement officers in their presence.

68. At all times relevant herein, the right to be free from deprivations of liberty interests caused by unjustifiable criminal charges and procedures, excessive force, as well as the right to be free from restraints on speech and bodily movement, were clearly established constitutional rights that a reasonable person would have known.

69. Defendants' actions were motivated by bad faith and malice, and/or deliberate indifference to the rights of Ms. Salazar.

70. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

71. As a direct and proximate result of the unconstitutional acts described above, Plaintiff Katey Salazar has been irreparably injured.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF AGAINST DEFENDANTS DELEON, PEREZ, AND DOE(S)

**Violation of Constitutional Rights Under Color of State Law**

**-Conspiracy to Violate Plaintiffs' Civil Rights-**

72. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraphs 1 through 71.

73. Defendant officers acting under color of state law in both their individual capacities and as agents for the City of New York, conspired together, reached a mutual understanding, and acted in concert to undertake a course of conduct violative of Plaintiffs' civil rights by:

   a. Agreeing to assault the Plaintiff in retaliation for her verbal protest of their treatment of her boyfriend as set forth above.

    b. Agreeing to intentionally fabricate a legal justification for the unauthorized use of force and arrest of the Plaintiff.

    c. Agreeing to deliberately and maliciously fabricate evidence against the Plaintiff.

    d. Agreeing to falsely arrest and imprison the Plaintiff as aforedescribed.

    e. Agreeing to contrive false charges and otherwise engage in a malicious abuse of process and acts of excessive force against the Plaintiff, as aforedescribed.

74. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that said actions were undertaken under color of state law.

75. Defendants' actions were motivated by bad faith, malice, and/or deliberate indifference to the rights of Ms. Salazar.

76. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been substantially injured.

### AS AND FOR THE EIGHTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF AGAINST ALL DEFENDANTS

**Violation of Constitutional Rights Under Color of State Law
-Implementation of Municipal Policies, Practices, and Customs that Directly Violate Constitutional Rights, Failure to Implement Municipal Policies to Avoid Constitutional Deprivations and Failure to Train and Supervise Employees
Under Color of State Law-**

77. Plaintiffs incorporate by reference and reallege each and every allegation stated in Paragraphs 1 through 76.

78. Upon information and belief, Defendant City of New York and Doe #1-10 who were supervisors and final decision makers, as a matter of policy, practice, and custom, have

acted with a callous, reckless and deliberate indifference to the Plaintiff's constitutional rights and laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers concerning the rights of citizens as set forth above, and not making arrests without probable cause to believe a crime has been committed.

79. In the alternative, and upon information and belief, Defendants City of New York and Doe #1-10 instituted policies addressing the topics listed above, but through deliberate indifference to the same culture of gross negligence, carelessness, and malice displayed by Defendant officers and/or improperly pressuring officers to meet certain arrest quotas regardless of whether probable cause was present, demonstrated a willful indifference to the constitutional rights of the Plaintiff.

80. Defendant(s) also, upon information and belief, demonstrated deliberate indifference to the rights of those arrested in the City of New York by failing to adequately hire, screen, train, and supervise the Defendant officers.

81. The policies, procedures, customs and practices of the above-referenced Defendants violated the Constitutional rights of the Plaintiff under the First and Fourth Amendments of the United States Constitution.

82. This conduct on the part of Defendants also represents a violation of 42 U.S.C § 1983, given that said actions were undertaken under color of state law.

83. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been substantially injured.

## DEMAND FOR PUNITIVE DAMAGES

84. The actions of Defendants described herein were extreme and outrageous, and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to punish the named Defendants. The Plaintiffs do not seek punitive damages against the City of New York.

## DEMAND FOR TRIAL BY JURY

85. The Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Katey Salazar requests that this Honorable Court grant the following relief:

A. A judgment against Defendants Perez, Deleon and Doe(s) for compensatory damages, and punitive damages in an amount to be determined by a properly charged jury;

B. A judgment against the Defendant City of New York for compensatory damages in an amount to be determined by a properly charged jury;

C. A monetary award for attorneys fees and costs of this action, pursuant to 42 U.S.C. § 1988;

D. Any other relief this Court finds to be just, proper, and equitable.

Dated: New York, New York
October 7, 2015

Respectfully Submitted By:

The Law Office of Jeffrey Chabrowe, P.C.
By:

Andrew L. Hoffman, Of Counsel
SDNY Bar Code Number: AH2961
261 Madison Avenue, 12 Floor

New York, New York 10016
T:   (212) 736-3935
E: ahoffman@andrewhoffmanlaw.com