UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KATEY SALAZAR,                                              :
                                                            :
                                                            :
                    Plaintiff,                              :
                                                            :              15-cv-1989 (KBF)
                                                            :
                                                            :            OPINION & ORDER
          -v-                                               :
                                                            :
                                                            :
THE CITY OF NEW YORK, OFFICER                               :
ADRIANO DELEON (N.Y.P.D.) SHIELD                            :
#02580, OFFICER JUAN PEREZ (N.Y.P.D.)                       :
SHIELD # 01757, and OFFICERS JOHN DOE                       :
#1-10,                                                      :
                                                            :
                    Defendants.                             :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 7, 2016

KATHERINE B. FORREST, District Judge:

        Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on March 17, 2015

against the City of New York, NYPD Officer Adriano DeLeon, and ten "John Does."

(Compl., ECF No. 1.)  On October 5, 2015, plaintiff sought leave to amend her

Complaint to add NYPD Officer Juan Perez as a defendant.  (ECF No. 12.)  The

Court granted leave to amend, but also gave defendants leave to renew their

oppositions to the amendment as a motion to dismiss under Rule 12(b)(6).  (ECF No.

19.)  The Amended Complaint was filed on October 8, 2016.  (Am. Compl., ECF No.

16.)  On December 14, 2015, defendants filed a motion to dismiss the Amended

Complaint as to Officer Perez, which the Court converted to a motion for summary

judgment on February 29, 2016.  (ECF Nos. 27, 47.)  For the reasons set forth below, the motion is GRANTED.

I.    FACTS

Most facts alleged in the original and Amended Complaint are substantially identical.  In both, plaintiff alleges that on the night March 17, 2012, she and her child's father, Victor Arroyo, were celebrating St. Patrick's Day on 52nd Street and Second Avenue in Manhattan when an unknown assailant suddenly "attacked and assaulted" Arroyo.  (Compl. ¶ 1; Am. Compl. ¶ 24-25.)  NYPD officers arrived on the scene, and allegedly "forcibly subdued" Arroyo instead of attempting to apprehend the assailant.  (Compl. ¶ 2-3; Am. Compl. ¶ 27-28.)  Plaintiff claims that she then "screamed . . . in horror, begging [the] police to leave her boyfriend alone, and attempting to explain that he had simply been trying to defend himself from a random attack."  (Compl. ¶ 3; Am. Compl. ¶ 28.)

At this point, there is a critical difference between the two versions of the Complaint.  The original Complaint alleges that "one of the officers (upon information and belief, Defendant DeLeon) turned and stared at her for a moment—then coldly and deliberately raised his arm and sprayed her in the face with a chemical agent."  (Compl. ¶ 4.)  The Amended Complaint instead states that it was Officer Juan Perez—not DeLeon—who sprayed plaintiff.  (Am. Compl. ¶ 29.)

Plaintiff alleges that three to four NYPD officers[1] then "tackled her," brought her to the ground, handcuffed her, and charged her with various crimes. (Compl. ¶ 5; Am. Compl. ¶ 30). In the original Complaint, she states that she was charged with misdemeanor assault and "related charges," (Compl. ¶ 5); in the Amended Complaint, she clarifies that she was charged with Third Degree Assault, Resisting Arrest, Harassment, and Disorderly Conduct, (Am. Compl. ¶ 30.) Both Complaints state that Officer DeLeon wrote in the criminal complaint against plaintiff that she had hit him in the back of the head, despite his not seeing her do so, and that the charges were "fabricated." (Compl. ¶ 6-7, 9; Am. Compl. ¶ 6, 9, 31.)

The current motion must be assessed against the chronology of events and filings in this case. The incident and arrest at issue occurred on March 17, 2012. On March 17, 2015—the very day that the statute of limitations was set to expire for bringing a Section 1983 claim, plaintiff filed the instant action. The case was designated to participate in the Southern District of New York's Plan for Certain Section 1983 Cases against The City of New York (the "1983 Plan"). Officer DeLeon and City defendants filed their Answer on June 8, 2016. (ECF No. 7.)

On June 29, 2015, defendants served their initial disclosures under Fed. R. Civ. P. 26(a), which identified Officer Perez as an individual likely to have discoverable information. (Decl. of Daniel M. Braun (ECF No. 29) ("Braun Decl."), Ex. B.) In addition, the 1983 Plan requires limited discovery to take place within 28

---

[1]     Defendants acknowledge that Officer Perez was at the scene. (See Ltr. from Assistant Corp. Counsel Daniel Braun, ECF No. 38, at 1.)

days of the first Answer's filing—in this case, July 6, 2015—including officers' memo books, 911 calls, and NYPD complaint reports.  Local Rule 83.10 (5).

Under the 1983 Plan, the deadline to amend the Complaint without leave of the Court was July 20, 2015.  See Local R. 83.10 (6).  Plaintiff did not seek to amend her Complaint at this time.

On August 28, 2015, defendants informed the Court that the City of New York was taking a "no-pay" position in this case and requested that the action be removed from the 1983 Plan and restored to the litigation schedule.  (ECF No. 8.) On September 3, 2015, the Court removed the case from the 1983 Plan.  (ECF No. 9.)

Plaintiff first sought to amend her Complaint to include Perez on September 21, 2015, when she sought defendants' consent to an amendment.  (Braun Decl. Ex. A.)  Defendants declined.  (Id.)  On October 5, 2015, plaintiff filed a motion to amend the Complaint.  (ECF No. 12.)  The Court granted the motion, but stated that defendants may "still move under Rule 12(b)(6) against [the amendment]; you may simply re-present all arguments set forth . . . herein in that regard."[2]  (ECF Nos. 13, 19.)

Plaintiff's Amended Complaint seeks to add Officer Perez as an individual defendant in this action.  The Amended Complaint alleges that Officer Perez, in fact, was the individual who sprayed her with a chemical agent.  (Am. Compl. ¶ 4.)

---

[2] The Court had determined that as a matter of efficiency, arguments were better dealt with on a Rule 12(b)(6) motion than on Rule 15.

Both Complaints combine the spraying and tackling in the same cause of action for excessive force.  Whereas the original Complaint's excessive force count is asserted against Officer DeLeon and Officers Doe, the Amended Complaint's excessive force count states that it was Officer Perez and Officers Doe who sprayed and tackled her, and asserts the claim against Officers Perez, DeLeon, and Doe.  (Compl. ¶¶ 34-39; Am. Compl. ¶¶ 34-39.)  In both Complaints, plaintiff asserts all of her § 1983 claims—including excessive force, false arrest, failure to intervene, malicious prosecution, fabrication of evidence, violation of First Amendment rights, and conspiracy to violate civil rights—against all individual defendants.

After the Court received the parties' submissions on the motion to dismiss, the Court ordered that Corporation Counsel, who was representing all defendants, to answer four questions derived from caselaw regarding relation back:

1. Did Officer Juan Perez have actual knowledge that an action would have been brought against him but for a mistake concerning the identity of the party who allegedly sprayed plaintiff with pepper spray on March 17, 2012?

2. Was Officer Perez aware of the lawsuit prior to July 15, 2015?[3]

3. Did Corporation Counsel begin preparing Officer Perez's personal defense even prior to actual notice of potential suit?

4. Did Corporation Counsel know that Officer Perez was likely to be sued?

---

[3]     July 15, 2015 was the end of the 120-day Rule 4(m) period for serving a summons and complaint.  It is relevant because Rule 15(c) for relation back regarding changing the name of a party requires that the party to be brought in by the amendment received notice of the action and knew or should have known the action would have been brought against it on or before the expiration of the Rule 4(m) period. Fed. R. Civ. P. 4(m), 15(c).

(ECF No. 37.)  Corporation Counsel replied in the negative to all four questions. (Ltr. from Assistant Corp. Counsel Daniel Braun, ECF No. 38 ("Braun Ltr."), at 1-2.)  In addition, Corporation Counsel stated that plaintiff did not file any of the following regarding the allegations underlying the lawsuit:  1) a complaint with the Civilian Complaint Review Board, 2) a complaint with the Internal Affairs Bureau, or 3) a Notice of Claim with the NYPD.  Corporation Counsel also did not begin to prepare Officer Perez's defense until plaintiff first indicated that she wanted to add him as a defendant on September 21, 2015.  (Id.)[4]

On February 29, 2016, the Court converted the motion from a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment in order to properly consider materials outside the pleadings submitted by the parties.  See Rand v. Birbrower, Montalbano, Condon & Frank, P.C., 31 Fed. App'x. 748, 751 (2d Cir. 2002).  The Court gave the parties an opportunity to submit additional materials.[5]

## II.    LEGAL STANDARDS

### A.    Summary Judgment

This motion was initially filed as a motion to dismiss under Rule 12(b)(6).  "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are

---

[4]     The Court accepts defense attorney's answers to the Court's inquiries because they proffer facts and are based on the attorney's first-hand knowledge.  See Wyler v. United States, 725 F.2d 156, 160 (2d Cir. 1983) (attorney affidavit containing "no specific facts or is not based on first-hand knowledge is not entitled to any weight").  While the letter reply is not technically filed as an affidavit, it was made pursuant to the Court's request, and the Court notes that under Fed. R. Civ. P. 11, an attorney filing any signed submission to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances."
[5]     Plaintiff submitted additional argument and citations, which the Court accepts for the purposes of this motion, but notes that they are either repetitive of prior submissions or not relevant to the relation-back issue that is dispositive here.

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); see also Sahu v. Union Carbide Corp., 548 F.3d 59, 67 (2d Cir. 2008); Yosef v. Passamaquoddy Tribe, 876 F.2d 283, 286 (2d Cir. 1989) (stating that "it is appropriate to treat the motion to dismiss under Rule 12(b)(6)" based on a statute of limitations defense "as one for summary judgment"). Pursuant to Rule 12(d), the Court provided parties with an opportunity to submit supplemental materials. (Order, Feb. 29, 2016, ECF No. 47.)

"Summary judgment is appropriate only 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed R. Civ. P. 56(c)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. When the moving party does not bear the ultimate burden on a particular claim or issue, it need only make a showing that the non-moving party lacks evidence from which a reasonable jury could find in the non-moving party's favor at trial. Id. at 322-23.

In making a determination on summary judgment, the court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010). Once the moving party has discharged its burden, the opposing party must set out specific facts showing a genuine issue of material fact

7

for trial.  Wright, 554 F.3d at 266.  "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist."  Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (internal citations omitted).  In addition, "[o]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment."  Porter v. Quarantillo, 722 F.3d 94, 97 (2d Cir. 2013) (internal quotation marks and citation omitted).

    B.    Rule 15(c) Relation Back

    New York's three-year statute of limitations governing general personal injury claims applies to plaintiff's Section 1983 claims.  Stembridge v. New York City Dep't of Educ., 622 F. App'x 6, 7 (2d Cir. 2014) (citing Owens v. Okure, 488 U.S. 235, 251 (1989)).

    Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure governs relation back when a party seeks to add a defendant because of mistake of identity.  It provides:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>
> [ . . . ]
>
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[6] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and

---

[6] Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." This element is not in dispute.

complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.  The Rule 4(m) period refers to the 120-day period that a plaintiff has to serve a defendant.[7]  Fed. R. Civ. P. 4.

Rule 15(c)(1)(C) governs replacement of defendants, not additions; it does not allow "relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities."  Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013); see also Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) (holding that "John Doe" pleadings do not get an exception to the statute of limitations—"because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued").

## III.   DISCUSSION

### A.   Notice within the Rule 4(m) Period

Because plaintiff filed her Complaint on the last possible date before the statute of limitations expired, her Amended Complaint can only be timely if it relates back to the original Complaint under Fed. R. Civ. P. 15(c).  See VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001).  Rule 15(c)(1)(C) applies to

---

[7] A December 1, 2015 amendment to the Federal Rules of Civil Procedure changed the Rule 4(m) period from 90 days to 120 days.  The 120-day rule applies to this action.

this action because although plaintiff is not <u>replacing</u> the original named individual defendant Officer DeLeon with the new defendant Officer Perez, but rather seeks to add Officer Perez, her allegation is that she was mistaken about the identity of the officer as to one part of the incident, and Officer Perez now takes the role of Officer DeLeon with respect to the spraying incident that partially forms the basis for plaintiff's excessive force claim.[8]  Officer DeLeon remains a named defendant with respect to her other claims.  See <u>Krupski v. Costa Crociere S.p.A.</u>, 560 U.S. 538, 549 ("[A] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression.  That kind of deliberate but mistaken choice does not foreclose . . . Rule 15(c)(1)(C) . . . . ").

However, the amendment does not relate back under the requirements of Fed. R. Civ. P. 15(c)(1)(C) because Officer Perez did not receive requisite information that would put him on notice as to the action within the limitations period.  Under Rule 15(c)(1)(C), an amendment that adds a defendant only relates back to the original complaint if within the Rule 4(m) period, the new defendant received notice of the action so that he is not prejudiced <u>and</u> that he "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed R. Civ. P. 15 (c)(1)(C).

---

[8] Rule 15(c)(1)(C) would not apply, however, in a case where a proposed named defendant takes the place of a John Doe—in such an instance, the problem is squarely one of lack of information, as opposed to mistaken identity.  <u>See Aslanidis</u>, 7 F.3d at 1075.

In this case, the Rule 4(m) period expired on July 15, 2015.  The requisite knowledge and notice standards were not met at this time.  Plaintiff took zero action to provide Officer Perez with an indication that he would be sued despite her knowledge that he was a party with likely discoverable information on June 29, 2015.  She also did not file any complaint (as to either Officer Perez or DeLeon) with the Civilian Review Board or the Internal Affairs Bureau, or a Notice of Claim with the NYPD.  (Braun Ltr. at 2.)  Corporation Counsel did not know that Officer Perez was an intended defendant, and did not begin to prepare his defense until September 21, 2015, when plaintiff first sought to add Officer Perez as a defendant. (Id.)  There is no evidence that Officer Perez received any notice of the lawsuit before that September date.

Nor should Officer Perez have known that the suit would be brought against him but for a mistake about identity of the sprayer.  There were at least four officers involved in the incident, and plaintiff's initial Complaint appears to be directed at all of them, while naming only Officer DeLeon.  Plaintiff could have named Officer DeLeon for a number of reasons—not just the spraying—especially since she alleges that he arrested her without basis and that he "fabricated charges" against her.  (Compl. ¶¶ 6-7, 9.)  In fact, the initial complaint specifically states that "Defendant DeLeon and Officer(s) Doe is/are now being sued for fabricating charges, falsely arresting, and utilizing excessive, malicious, and unnecessary force." (Compl. ¶ 9.)  Because there was no indication that she named Officer DeLeon solely because she believed he sprayed her, there is no reasonable expectation for

Officer Perez to know that <u>but for</u> plaintiff's mistake as to who did the spraying, she would have named him as a defendant.

Furthermore, plaintiff's conduct after filing the initial Complaint "informs the prospective defendant's understanding" of whether plaintiff intended to sue him or not. <u>Krupski</u>, 560 U.S. at 554. Here, plaintiff's lack of any action left Officer Perez with no indication that she planned to sue him. He is, therefore, a "prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him"—an individual who has "a strong interest in repose." <u>Id.</u>, 560 U.S. at 550.

Plaintiff asserts instead that Corporation Counsel had "constructive notice" of her intent to bring suit against Officer Perez because as a reasonable attorney, Corporation Counsel would have begun preparing a defense for Perez and other officers present at the incident upon receipt of the initial Complaint. While knowledge of suit can sometimes be imputed to a prospective defendant's attorney, there must be "some showing that the attorney knew the additional defendant[] would be added to the existing suit" and that the attorney "has already begun preparing a defense . . . during the limitations period." <u>Rodriguez v. City of New York</u>, 10 Civ. 1849 (PKC), 2011 WL 4344057 (S.D.N.Y. Sept. 7, 2011) (quoting <u>Gleason v. McBride</u>, 869 F.3d 688, 693 (2d Cir. 1989)). As plaintiff did nothing to indicate her intention to sue Officer Perez, she has not provided Corporation Counsel with notice, and there is no reason for Corporation Counsel to have begun preparing for a defense for Officer Perez during the Rule 4(m) period. Corporation

12

Counsel defends thousands of New York City employees—and the mere knowledge that one of them was present at the scene of an incident giving rise to suit does not equate to constructive knowledge that the individual would likely be sued. Plaintiff's failure to take any action with respect to Officer Perez before the Rule 4(m) period expired means there is no justification for imputing knowledge of her suit against Officer DeLeon to Officer Perez.

   B.   Plaintiff's Conduct

   The Court notes that plaintiff's position—that there is no time limit on her ability to add Officer Perez as a defendant—is contrary to public policy.

   While the Court is sympathetic to the idea that an individual who had been pepper-sprayed may have trouble identifying the officer who sprayed her.  However, in this case, plaintiff did not take any action to ascertain the identity of the officer until all deadlines had passed.  According to the letter reply from defense counsel addressing the Court's questions, plaintiff took no action to notify relevant parties— either the Civilian Review Board or the NYPD via a notice of claim or a complaint to the Internal Affairs Bureau—of her grievances, (Braun Ltr. at 2), which may have assisted both parties in correctly identifying the officers involved in her incident.  Plaintiff does not contest these facts.

   Moreover, plaintiff is the prototypical example of someone who has sat on her rights and, without justification, allowed deadlines to lapse.  Plaintiff waited until the last day before the statute of limitations expires before filing the original Complaint. In so doing, she assumed the risk that any deficiency in the pleading

13

would threaten the viability of her claims.  Plaintiff also took no action after

obtaining information from City defendants via initial disclosures and mandatory

limited discovery into logbooks and other records.  She also ignored the deadline

imposed by the 1983 Plan to add defendants not later than July 20, 2015.[9]  Plaintiff

has not provided good cause for these delays.  See Hnot v. Willis Grp. Holdings Ltd.,

No. 01 CIV. 6558 (GEL), 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006) (holding

that compliance with court-ordered deadlines is critical to the ability of "a district

court to effectively control and manage its docket").

All of these facts indicate that a ruling in favor of Officer Perez would not

constitute "a windfall for a prospective defendant who understood, or should have

understood, that he escaped suit during the limitations period only because the

plaintiff misunderstood a crucial fact about his identity." Krupski, 560 U.S. 550.

On the other hand, allowing plaintiff's belated amendment to add Officer Perez

would grant her a "windfall" after letting all legally imposed deadlines elapse, and

doing so would run contrary to the principles behind statutes of limitations.  "[A]

statute of limitations is intended to prevent plaintiffs from unfairly surprising

defendants by resurrecting stale claims.  A statute of limitations prevents such

surprises by extinguishing a plaintiff's remedy after he has slept on his claim for a

prolonged period of time, failing to bring suit within a specified period of time after

---

[9] Plaintiff attempts to use the case's placement in the 1983 Plan to excuse her dilatory conduct. However, the Plan itself sets forth rules and deadlines, with which plaintiff failed to comply.  The Plan does not excuse mandatory deadlines under the Local Rules and the Federal Rules of Civil Procedure.

his cause of action accrued." <u>City of Pontiac Gen. Empls. Ret. Sys. v. MBIA, Inc.</u>, 637 F.3d 169, 175 (2d Cir. 2011) (internal citations omitted).  Plaintiff has done just that, and for those reasons, her amendment cannot relate back and her claim against Officer Perez is barred by the statute of limitations.

IV.    CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the Amended Complaint as to Officer Perez, converted to a motion for summary judgment, is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF Nos. 27 and 35, and to amend the caption accordingly.

SO ORDERED.

Dated:      New York, New York
            March 7, 2016

_____
      KATHERINE B. FORREST
      United States District Judge