```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
KATEY SALAZAR,                                               :
                                                             :
                              Plaintiff,                     :
                                                             :
                 -v-                                         :      15-cv-1989 (KBF)
                                                             :
                                                             :      ORDER
THE CITY OF NEW YORK, OFFICER                                :
ADRIANO DELEON (N.Y.P.D.) SHIELD                             :
#02580, and OFFICERS JOHN DOE #1-10,                         :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 18, 2016
```

KATHERINE B. FORREST, District Judge:

Before the Court is defendant's letter motion to preclude plaintiff from asserting claims for compensation for physical or mental injury because she has failed to timely disclose alleged medical treatment and to serve medical releases upon defendant. (See Mar. 7, 2016 Defs.' Ltr., ECF No. 55 ("Defs.' Ltr."), at 2-3.)

It is undisputed that until plaintiff's deposition on February 8, 2016, all parties had understood that she did not receive medical treatment for any injuries she allegedly sustained in the March 17, 2012 incident at issue in this case. While this case was in the SDNY § 1983 Plan, plaintiff did not provide any medical releases pursuant to the § 1983 Plan.[1] After the case was removed from the § 1983 Plan, plaintiff made direct representations to defendants that she did not receive medical treatment. (See Defs.' Ltr. at 2-3.) She also confirmed that she did not

---

[1] The case was removed from the § 1983 Plan on September 3, 2015. (ECF No. 9.)

receive medical treatment during her deposition, although it appears that at another point in the deposition, she changed her answer.  (See Pl.'s Ltr. at 2-3, n.3.)  The proper releases were not ultimately provided to defendants until March 7, 2016—nearly a year after this action was filed.  (See Mar. 14, 2016 Pl.'s Ltr., ECF No. 56 ("Pl.'s Ltr."), at 3-4.)

Plaintiff's representations and failure to serve medical releases violated the Local and Federal Rules.  The § 1983 Plan explicitly provides that in order for plaintiff to recover "compensation for any physical or mental injury . . . other than 'garden variety' emotional distress," she "must [timely] serve on the City the medical release . . . for all medical and treatment records."  Local Rule 83.10 (1).  In addition, Fed. R. Civ. P. 26(a) requires that plaintiff identifies documents that she has in her "possession, custody, or control and may [be] use[d] to support its claim[]."  Failure to do so will result in precluding plaintiff from using that information at trial.  Fed. R. Civ. P. 37(c)(1).

Plaintiff's argument that her abuse by her then-boyfriend Victor Arroyo traumatized her and somehow impacted her ability to timely recall or disclose that she received medical treatment arising from alleged misconduct by defendants is insufficient.[2]  While the Court is sympathetic to this obviously difficult personal issue, there is insufficient basis for this Court to view this as a justification for

---

[2]  Based upon information presented in the letters on this motion, the Court offers additional guidance regarding presentations of the case for trial.  The Court will not allow substantial reliance / presentation of evidence regarding the domestic violence.  These defendants are not on trial for that.  The issue is only relevant to the extent that plaintiff was involved in a physical altercation with her boyfriend at the time of police intervention.  Unnecessary dwelling on issues otherwise tangential to this case would seek to have the jury render a verdict based on sympathy.

untimely disclosure rather than an ex-post rationale.  In all events, Counsel knows the rule and was obligated to see that they were complied with.  The Court will not require defendants to now bear the prejudice and burden of this series of events.

Plaintiff's alternative argument that defendant could have searched through plaintiff's Medicaid records—for which she did provide a release—to find evidence of medical treatment is also completely unpersuasive.  Plaintiff had already represented that she did not receive medical treatment, and defendant had no reason to second-guess that representation (nor are they required to do so).  It is also unclear to the Court whether Medicaid records could have actually revealed the nature of the medical treatment and otherwise satisfied plaintiff's discovery obligations.

Therefore, plaintiff is precluded from asserting damages based on any medical treatment she may have received.  Other issues relating to compensable damages shall be dealt with at the appropriate stage.

SO ORDERED.

Dated:      New York, New York
            March 18, 2016

_____
            KATHERINE B. FORREST
            United States District Judge